■ DOMINICK ROSCINO et al., Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 43553.) — GIBSON, P. J. Appeal by the State from a judgment of the Court of Claims which awarded $39,500 and interest for the appropriation for highway purposes (the construction of Interstate Route 84) of all of claimants' parcel of 3.97 acres abutting Union Avenue in the Town of Newburgh. Claimants purchased the parcel for $20,000, 18 months prior to the appropriation, in the expectation that the intersection of projected Route 84 with Union Avenue would be nearby. Another factor to which they attached value was the proximity of the parcel to existing highways, including the Thruway. The Court of Claims accepted *in toto* claimants' expert's appraisal and the basis of his evaluation of the property, which contemplated the division of the parcel into two parts, the larger one, in the rear, to be used for purposes of a truck terminal to be constructed, in accordance with a purely optional or conditional agreement for a lease (the condition of which had not been met within the time limited therefor or thereafter) and a smaller parcel abutting Union Avenue to become a gasoline station. This expert's direct testimony was in large part subjective; his written appraisal, although mentioned, was not offered in evidence, as was the State's; and the detailed bases of his appraisal, including the sales which he found comparable, were elicited piecemeal on cross-examination. His testimony as to the potential uses of the parcel, in part for a trucking terminal, and in part for a gasoline station was proper and relevant; but from the record it is clear beyond dispute that he did not value the property on the basis of these commercial uses, generally and potentially, but on the erroneous assumption that the inchoate and purely executory agreement to lease constituted a binding and effectual arrangement which, but for the appropriation, would have been carried through to fruition. That his appraisal depended not on *potential* uses, but on the *specific* lease and improvements contemplated, is evidenced by his tendered, but excluded, testimony of value on the basis of lease income capitalization; by his testimony that he "considered the value of the proposed truck terminal site, based on the proposed lease" and that he took "into consideration the fact that a lease had been executed for the erection of such a terminal", which was not the fact. Although he conceded the necessity of utilizing a 50-foot strip of land, extending from the street to the rear of the parcel, for the construction of a roadway to afford access to the proposed terminal, there is no indication that this was reflected in his appraisal, either by some deduction for the value of the land so used or the addition of some cost of construction or other development. The purchase price of $20,000 paid but 18 months before was not a factor in his calculations. Having assumed, as an accomplished fact, the existence of what was in truth a purely hypothetical truck terminal, for which there was, arguably at least, some evidentiary support, he then assumed, with no evidentiary support at all, a gasoline station in part dependent upon the conjectural terminal, which he

said "would enhance the value of the station", the witness concluding with the observation that "the gasoline station site and the truck terminal was a perfect marriage". The State's expert evaluated the parcel as an entirety, at $6,500 per acre, or $25,800. The award, predicated solely on claimant's evidence as hereinbefore outlined, was excessive. Giving proper and substantial weight to the uses contemplated by claimants' appraiser, which we treat as potential only, we find, nevertheless, no basis for a finding of value in excess of that to which the State's expert testified. Judgment modified, on the law and the facts, so as to reduce the amount of the award to $25,800, with appropriate interest, and, as so modified, affirmed, without costs. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Gibson, P. J.